UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JOVANNI CHAVEZ,

Plaintiff,

-against-

CITY OF NEW YORK; Police Officer DAPHNEY
PAMPHILE of the 46th Precinct, Sergeant ANGEL
GONZALEZ of the 46th Precinct, Lieutenant
JOHN EGAN of the 46th Precinct, and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

Defendants.

------------------------------------------------------------------ x

**AMENDED
COMPLAINT**

11 CV 0117 (PGG)(DF)

Jury Trial Demanded



## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Jovanni Chavez ("plaintiff" or "Mr. Chavez"), a Hispanic male, is a resident of Bronx County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officer Daphney Pamphile ("Pamphile") of the 46th Precinct, at all times relevant herein, was an officer, employee and agent of the NYPD.   Plaintiff does not know the shield number of defendant Pamphile. Defendant Pamphile is sued in her individual and official capacities.

9.      Defendant Sergeant Angel Gonzalez ("Gonzalez") of the 46th Precinct, at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the shield number of defendant Gonzalez.   Defendant Gonzalez is sued in his individual and official capacities.

2

10.    Defendant Lieutenant John Egan ("Egan") of the 46th Precinct, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Egan is sued in his individual and official capacities.

11.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.    At approximately 1:30 a.m. on June 26, 2010, Mr. Chavez was inside his vehicle that was parked outside of his residence, located at 2056 Ryer Avenue, in the Bronx, New York.

15.    Another vehicle was parked blocking Mr. Chavez's driveway.

16.    While plaintiff was in his car, a black Chevy Impala pulled up alongside plaintiff with three officers in plainclothes inside.

17.     Sgt. Gonzalez came up to plaintiff's window and demanded that Mr. Chavez get out of his vehicle.

18.     When Mr. Chavez asked why, Sgt. Gonzalez cursed at plaintiff and then pulled him out of the car.

19.     Sgt. Gonzalez conducted a pat frisk of plaintiff and asked him, in sum and substance, where are the drugs.

20.     Plaintiff did not have any drugs on him.

21.     Nonetheless, Lt. Egan ordered plaintiff to be arrested and placed in handcuffs.

22.     Plaintiff was then taken to the 46th precinct.

23.     Lt. Egan drove plaintiff's car to the precinct.

24.     At the precinct, plaintiff was unlawfully strip searched in a restroom and ordered to squat.

25.     He was then placed in a cell and given a summons for allegedly playing loud music through his car stereo.

26.     At no time was plaintiff's car stereo playing loud music.

27.     At no time during the course of his interaction with the police was the car stereo even on.

28.     Plaintiff was forced to make two court appearances.

29.     At his second appearance, after the court heard plaintiff's version of

events, the judge dismissed the case.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

33. As a direct and proximate result of this unlawful conduct, Mr. Chavez sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

5

36.     As a direct and proximate result of this unlawful conduct, Mr. Chavez sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

37.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39.     As a direct and proximate result of this unlawful conduct, Mr. Chavez sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43.   As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
**Unlawful Strip Search**

44.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.   The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

46.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

47.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.   The individual defendants created false evidence against Mr. Chavez by falsely stating that Mr. Chavez was playing music from his car stereo excessively loud.

49.     The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

50.     In creating false evidence against Mr. Chavez, and in forwarding false information to prosecutors, the individual defendants violated Mr. Chavez's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

51.     As a direct and proximate result of this unlawful conduct, Mr. Chavez sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     The individual defendants issued legal process to place Mr. Chavez under arrest.

54.     The individual defendants arrested Mr. Chavez in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop and search of him.

55.     The individual defendants acted with intent to do harm to Mr. Chavez without excuse or justification.

8

56.     As a direct and proximate result of this unlawful conduct, Mr. Chavez sustained the damages hereinbefore alleged.

57.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

58.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

61.     As a direct and proximate result of this unlawful conduct, Mr. Chavez sustained the damages hereinbefore alleged.

## NINTH CLAIM
### *Monell*

62.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.    This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

64.    The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

65.    The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

66.    The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

67.    The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

67.    The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:    April 5, 2011
          New York, New York

HARVIS & SALEEM LLP

Afsaan Saleem
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@harvisandsaleem.com