
HARVIS
&SALEEM LLP



RECEIVED
DEC 20 2011
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

305 Broadway, 14th Floor
New York, NY 10007
Tel: (212) 323-6880
Fax: (212) 323-6881

Gabriel P. Harvis
gharvis@harvisandsaleem.com

Afsaan Saleem
asaleem@harvisandsaleem.com

**MEMO ENDORSED**

December 20, 2011

**By Hand**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street, Room 670
New York, New York 10007

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/11

Re:   *Jovanni Chavez v. City of New York, et al.*, 11 CV 0117 (PAE) (DF)

Your Honor:

I represent the plaintiff in the above-referenced matter. I write to respectfully request that: 1) plaintiff be permitted to confirm the identity of the officer he claims strip-searched him before that officer's deposition is scheduled; and 2) the current discovery deadline be enforced, but that plaintiff be granted leave to depose the individual who allegedly strip-searched him prior to trial. Defendants have undertaken an investigation to determine the identity of the officer and have agreed to produce him for a deposition after the close of discovery. However, as of this writing, defendants do not consent to plaintiff's request to view photographs of the identified officers to confirm the correct officer before the deposition is scheduled.

At his December 9, 2011 deposition, plaintiff described in detail the officer he claims strip-searched him. While defendants have disputed that plaintiff was strip-searched, they have agreed to try to ascertain the officer's identity based on plaintiff's description. In a conversation with defense counsel this morning, defense counsel indicated that defendants have identified an officer whom they believe might be the correct officer, and that he and another officer match the description provided by plaintiff. Defendants are hoping to speak to that officer this evening, obtain his Memo Book for the night of the incident and confer with him regarding his recollection. Defendants have suggested that plaintiff may attend the officers' depositions and confirm at that time that they have identified the correct officer.

However, in light of the deadline for discovery, pre-trial submissions and trial, plaintiff seeks to avoid a situation in which a deposition is conducted in early January and plaintiff only then learns that defendants have not identified the correct officer. To prevent this scenario, plaintiff has requested that defendants permit him to view photographs of the two officers

identified by them, so that he may confirm the correct officer before any deposition is scheduled. In civil rights cases with unidentified officers such as this one, courts in this circuit routinely permit production of photographs so that plaintiffs may identify the individuals who were involved in the alleged violations. *See Castro v. Hernandez*, 94-CV-6767, 1995 WL 699730 (S.D.N.Y. Nov. 28, 1995) (Dolinger, M.J.); *Lozano v. City of New York*, 88-CV-659, 1992 WL 116433 (S.D.N.Y. Apr. 17, 1992) (Francis, M.J.); *see also Snoussi v. Bivona*, 05-CV-3133, 2009 WL 701007 (E.D.N.Y. March 10, 2009) (Dearie, J.).

Plaintiff is mindful of defendants' reluctance to disclose photographs of active police officers and the attendant privacy concerns. As a compromise, plaintiff respectfully proposes that he be permitted to view the photographs at the office of the Corporation Counsel, at a time convenient to counsel, for the sole purpose of making a confirmatory identification of the officer. Plaintiff does not seek production of the photographs or to use them for any other purpose. At the time of this writing, defendants were not in a position to give their consent to such a proposal and request that their objection be noted for the record.

In light of the foregoing, plaintiff respectfully requests that: 1) the Court permit him to view photographs of the officers identified by defendants in the manner proposed herein; and 2) leave be granted for the identified officer to be deposed after the close of discovery but prior to trial. I thank the Court for its consideration of this request.

Respectfully submitted,

Afsaan Saleem

cc: ACC Matthew Weir (by e-mail)

Leave to conduct the additional deposition after the close of discovery is granted. Defendant's counsel is directed to allow Plaintiff and his counsel to view photographs of the officer at the Office of the Corporation Counsel at a mutually agreeable time.

SO ORDERED: 12/20/11

Paul A. Engelmayer

HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

2